IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JUAN JORGE SANCHEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-0236 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DISMISS
# PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a disciplinary proceeding in which he was found to have refused to obey orders resulting in the forfeiture of ten (10) days previously accrued good time credits.[1] On December 10, 2012, petitioner was ordered to file a pleading advising the Court whether he is or is not eligible for mandatory supervised release and the basis for his position. Such advisory was ordered to be filed on or before December 24, 2012.

In a January 9, 2013 Order, this Court noted petitioner had not responded to the December 10, 2012 Order, that petitioner's habeas application was subject to dismissal for want of prosecution, and that petitioner was subject to sanctions for non-compliance. As of this date, petitioner has still failed to comply with the Order. Because of petitioner's refusal to comply with

---

[1] Although petitioner challenges the disciplinary proceeding, utilized a habeas corpus form application, and requests, *inter alia*, the reinstatement of forfeited good time, petitioner's claims of unnecessary use of force, malicious acts, conspiracy, obstruction of justice, fraud, damages, and request for transfer, sound in civil rights.

Court orders and his refusal to provide necessary information, petitioner's habeas application is subject to dismissal for want of prosecution.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that this case initiated by petitioner JUAN JORGE SANCHEZ be DISMISSED for refusal to obey Court orders and for want of prosecution.

## NOTICE TO PETITIONER

If petitioner elects, at this stage, to attempt to cure the defect, he shall show cause why he should not be sanctioned for failing to timely comply with Court orders to provide information.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of February 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the**

**fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).